IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | |
| DAVID A. TYLER, | : | |
| Defendant. | : | No. 10-01239 |

## MEMORANDUM

**Baylson, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　September 27, 2010

Plaintiff, the United States of America ("Plaintiff," or "the Government"), filed this suit pursuant to 26 U.S.C. §§ 7401 and 7403 against Defendants David A. Tyler and Louis J. Ruch ("the Defendants") seeking to (1) reduce federal tax assessments to judgment, (2) set aside fraudulent conveyances of real property, (3) foreclose its tax liens against proceeds from the sale of fraudulently conveyed property, and (4) receive an accounting of assets from the estates of David J. Tyler and Paula I. Tyler. This Court has before it Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendants' Motion to Dismiss is denied.

### I.　　Factual & Procedural Background

The Government filed its Complaint for Federal Taxes on March 22, 2010. (Doc. No. 1.) The Government filed an Amended Complaint for Federal Taxes ("the Complaint") on April 9, 2010. (Doc. No. 2.) The Government alleges that on November 20, 1974, David J. Tyler (the "Taxpayer") and his wife, Paula I. Tyler ("Ms. Tyler"), bought real property located at 585

1

Cricket Lane in Radnor, Pennsylvania ("the Property"), which they held as tenants by the entireties. (Compl. ¶ 15.) On January 28, 2002, the United States made assessments of federal income tax from tax years 1992 through 1998 against the Taxpayer. (Compl. ¶¶ 8-9.) The Internal Revenue Service ("IRS") gave the Taxpayer notice and demand for payment of the unpaid taxes and statutory additions in accordance with 26 U.S.C. § 6303. (Compl. ¶ 10.) The IRS gave the Taxpayer notice and demand for payment of the assessments, which he neglected or refused to pay over in full. (Compl. ¶ 11.) The Taxpayer conveyed the Property to Ms. Tyler for consideration of $1.00 on August 20, 2003, at which time the Taxpayer was or became insolvent. (Compl. ¶¶ 16, 18.) The tax lien attached to one-half the value of the Property upon the August 20, 2003 conveyance. (Compl. ¶ 19.) A Notice of Federal Tax Lien against the Property was recorded with the Delaware County, Pennsylvania Prothonotary on March 23, 2004. (Compl. ¶ 20.) The Taxpayer died on or about August 15, 2006. (Compl. ¶ 21.) Ms. Tyler died on or about June 26, 2007. (Compl. ¶ 22.) After Ms. Tyler's death, the Property passed by inheritance to Defendant David A. Tyler, subject to the Government's federal tax lien. (Compl. ¶ 23.)

The Defendants became the co-executors of the estates of the Taxpayer and Ms. Tyler. (Compl. ¶¶ 12, 25.) On September 11, 2007, the IRS sent to the Defendants letters advising them of the federal tax lien attached to the Property and their duty to pay the debt out of the estate assets. (Compl. ¶ 24.) The Defendants conveyed the Property to David A. Tyler for consideration of $1.00 on November 21, 2008. (Compl. ¶ 25.) David A. Tyler conveyed the Property to a third party for $524,000 on August 14, 2009. (Compl. ¶ 29.) As of March 10, 2010, the tax assessments against the Taxpayer totaled $762,968, and statutory interest and additions continue to accrue. (Compl. ¶ 11.)

2

In its prayer for relief, the Government requests that the Court order and adjudge that the Taxpayer's estate is indebted to the United States for $762,968, plus statutory interest and additions. (Compl. ¶ A.) Additionally, the Government requests that the Court set aside the August 20, 2003 and the November 21, 2008 conveyances as fraudulent, foreclose the federal tax lien against one-half of the proceeds from the August 14, 2009 sale plus accrued interest, find the Defendants jointly and severally indebted to the United States in the amount of $262,000 plus accrued interest, order an accounting of the estates of the Taxpayer and Ms. Tyler, and grant the Government costs and any additional relief deemed just and proper. (Compl. ¶¶ B-N.)

The Defendants filed their Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim on May 18, 2010. (Doc. No. 5.) The Government filed its Response to Defendants' Motion to Dismiss on June 8, 2010. (Doc. No. 6.)

## II.     Standards of Review

When considering a motion to dismiss for failure to state a claim under Rule12(b)(6), the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Umland v. Planco Fin. Servs., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006)). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" but "this standard does not require 'detailed

3

factual allegations.'" Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 555). Iqbal specified that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949.

Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of persuasion that the court has subject matter jurisdiction. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). There are two categories of Rule 12(b)(1) motions: a facial attack on the complaint, and a factual attack that challenges the plaintiff's facts "at any stage of the proceedings, from the time the answer has been served until after the trial has been completed." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir. 1977). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elecs., Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000). "When considering a facial attack, 'the Court must consider the allegations of the complaint as true.'" Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting Mortensen, 549 F.2d at 891). By contrast, when considering a factual attack, "the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings," and "accords plaintiff's allegations no presumption of truth." Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002). "[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 182 (3d Cir. 1999).

**III.    Discussion**

    **A.    Rule 12(b)(6) Motion to Dismiss For Failure to State a Claim**

The Defendants seek dismissal of the action on the basis that the Government has not pled any valid claims against them. The Defendants contend that the Government did not assess the Taxpayer's unpaid taxes within three years of the filing of tax returns for the tax years in question, pursuant to 26 U.S.C. § 6501(a). (Defs.' Mot. Dismiss 6-7.) The Defendants further assert that the Government has no remedy, because it did not make an assessment against Ms. Tyler, and because the Taxpayer had a "worthless" interest in the Property, which was held as a tenancy by the entireties when the IRS made its January 28, 2002 assessment. (Defs.' Mot. Dismiss 7-9.) The Court need not address these arguments at this stage in the litigation.[1]

Following the legal standards discussed above for deciding a Rule 12(b)(6) motion, the Court cannot find that the Government fails to state a claim as a matter of law. Read in the light most favorable to the Plaintiff, and accepting the allegations in the Complaint as true, the Government properly pleads a routine action to collect delinquent federal taxes by means of a tax lien, in accordance with 26 U.S.C. § 7403. Because the Complaint is facially sufficient, the Court will deny the motion to dismiss for failure to state a claim.

    **B.    Rule 12(b)(1) Motion to Dismiss For Lack of Subject Matter Jurisdiction**

The Government alleges that this Court has jurisdiction over the action pursuant to federal statutes 28 U.S.C. § 1340, 28 U.S.C. § 1345, 26 U.S.C. § 7402, and 26 U.S.C. § 7403.

---

[1] The Defendants could raise these arguments at an appropriate time, as defenses or in a motion for summary judgment.

The Defendants assert that this Court cannot assume jurisdiction pursuant to the probate exception to federal jurisdiction, which "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 312 (2006). The Defendants contend that "[t]he Government wants this court to essentially administer the Estate instead of the state court." (Defs.' Mot. Dismiss 4.) In its response to the Defendants' motion to dismiss, the Government contends that whether "the Orphans Court has in rem jurisdiction is questionable," noting that "the defendants provide no evidence or affidavits substantiating their allegation that the Orphans Court is currently administering the proceeds of the sale." (Pls.' Resp. 1.)

The Defendants have mounted a facial challenge to the Complaint in this case. They have not filed with their motion to dismiss any affidavits or documents in support of their contention that this Court does not have jurisdiction. As noted in the Government's response, the Defendants did not attach any evidence, such as a state court docket, demonstrating that the Property is in the custody of a probate court.

For purposes of evaluating Defendants' Rule 12(b)(1) facial attack, this Court must consider the allegations of the Complaint as true. The facts alleged in the Complaint support federal jurisdiction and do not include any mention of probate court proceedings with which this Court's jurisdiction would potentially interfere. Therefore, the Court will deny the motion to dismiss for lack of subject matter jurisdiction.

**IV.     Conclusion**

For the reasons set forth above, the Court denies the Defendants' Motion to Dismiss.

O:\CIVIL 09-10\10-1239 United States v. Tyler\Tyler Memorandum Motion to Dismiss.wpd